**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1274-15T1

LORENZO CARTER,

    Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

    Respondent.

_____

Submitted September 12, 2017 — Decided September 27, 2017

Before Judges Gilson and Mayer.

On appeal from the New Jersey State Parole Board.

Lorenzo Carter, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant Lorenzo Carter, presently an inmate at East Jersey

State Prison, appeals from the final agency decision of the New

Jersey State Parole Board (Board). Carter alleges that the Board failed to consider all evidence when it denied him parole and imposed a 120-month future eligibility term (FET). We disagree and affirm.

In March 1980, Carter allegedly shot two people; one victim died. Carter fled and remained a fugitive for approximately thirty years. In February 2010, the United States Marshals arrested Carter. In May 2012, Carter pled guilty to one count of second-degree aggravated manslaughter and one count of second-degree aggravated assault in connection with the March 1980 shootings. Carter was sentenced to twelve years on the aggravated manslaughter charge and a consecutive eight years on the aggravated assault charge.

In February 2015, Carter became eligible for parole for the first time. On December 8, 2014, a two-member Board panel denied Carter's request for parole and referred his case to a three-member Board panel to establish a FET. The three-member Board panel established a 120-month FET. Both Board panels issued written decisions in support of their rulings.

Carter appealed to the full Board for review of his parole application. On October 22, 2015, the full Board affirmed the panels' decisions denying parole and establishing a 120-month FET.

On appeal, Carter, representing himself, argues the following:

> THE DECISION OF THE NEW JERSEY STATE PAROLE BOARD TO IMPOSE A FUTURE ELIGIBILITY DATE OF 120 MONTHS IS NOT SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE IN THE RECORD, IT WAS A DECISION THAT IS INHERENTLY BIASED, ARBITRARY AND CAPRICIOUS, THEREFORE THE FET SHOULD BE VACATED AND A NEW PAROLE HEARING SHOULD BE ORDERED.

Under our standard of review, we accord considerable deference to the Board and its expertise in parole matters. The scope of our review is very limited. "[T]he Parole Board is the 'agency charged with the responsibility of deciding whether an inmate satisfies the criteria for parole release under the Parole Act of 1979.'" Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222, (citation omitted), cert. denied, __ U.S. __ , 137 S. Ct. 85, 196 L. Ed. 2d 37 (2016). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 201 (2001) ("Trantino V") (first alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)). The Board's decision regarding parole will not be disturbed unless "arbitrary, capricious, or unreasonable, or [] not supported by

substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (citation omitted); see also Acoli, supra, 224 N.J. at 222-23.

In reviewing his application for parole, the Board considered Carter's repetitive prior criminal record; increasingly serious nature of the crimes committed; that previous incarcerations did not deter his criminal behavior; and the lack of an adequate parole plan for reintegration into the community. Additionally, the Board considered Carter's responses to questions posed during his parole hearing, and concluded that his responses exhibited insufficient problem resolution and demonstrated a lack of insight into his criminal behavior. Further, the Board took into account Carter's risk assessment evaluation deeming him a medium risk for recidivism.

The Board considered, but rejected, Carter's allegation that it failed to consider material facts contrary to Board policy and procedure. Carter failed to identify any written policy or procedure not followed by the Board in connection with its decision. The Board considered the following information regarding Carter's request for parole: his record of program participation, including pursuing his GED; his attempts to enroll in additional programs addressing anger management and addiction; and his infraction-free status while incarcerated. Thus, the

4

Board considered evidence of the positive factors as well as the negative factors in reviewing Carter's request for parole.

The Board also found that the 120-month FET was necessary to address Carter's inability to identify the causes of his criminal behavior, his continued criminal activities while eluding apprehension and prosecution for thirty years, and his lack of "true introspection regarding the anti-social and criminal conduct that has occurred as a steady and unbroken pattern throughout [his] life."

Applying our well-established standard of review and considering the record, we affirm the Board's decision. The Board considered the relevant factors in accordance with N.J.A.C. 10A:71-3.11. The Board's determination is supported by sufficient credible evidence and is entitled to deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION